**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | : |
| | : CHAPTER 13 |
| HINDSALEE BURRELL | : |
| xxx-xx-9508 | : CASE NO. 25-12800-DJB |
| | : |
| Debtor. | : |
| | : |
| _____ | : |
| | : |
| Wilmington Savings Fund Society, FSB, not | : |
| in its individual capacity, but solely as | : |
| trustee of NRPL Trust 2019-1 | : |
| | : |
| Movant, | : |
| v. | : |
| | : |
| HINDSALEE BURRELL | : |
| | : |
| Debtor, | : |
| And | : |
| | : |
| KENNETH E. WEST | : |
| | : |
| Trustee, | : |
| | : |
| Respondents. | : |
| | : |
| | : |
| _____ | : |

**ORDER OF COURT**

IT IS HEREBY ORDERED that the STIPULATION between Movant, Wilmington
Savings Fund Society, FSB, not in its individual capacity, but solely as trustee of NRPL Trust
2019-1 and DEBTOR regarding the resolution of relief motion, Document Number 24, regarding
post-petition mortgage arrearages as to Real Property, known as 3031 Dowitcher Place,
Philadelphia, PA 19142 filed on January 12, 2026 in the above matter is APPROVED.

_____
Honorable Derek J. Baker
United States Bankruptcy Judge
Eastern District of Pennsylvania

Date:**January 14, 2026**
_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| | : CHAPTER 13 |
| HINDSALEE BURRELL | : |
| xxx-xx-9508 | : CASE NO. 25-12800-DJB |
| | : |
| Debtor. | : |
| | : |
| _____ | : |
| | : |
| Wilmington Savings Fund Society, FSB, not | : |
| in its individual capacity, but solely as | : |
| trustee of NRPL Trust 2019-1 | : |
| | : |
| Movant, | : |
| v. | : |
| | : |
| HINDSALEE BURRELL | : Hearing Date: December 18, 2025 at 11:00 a.m. |
| | : |
| Debtor, | : |
| And | : |
| | : |
| KENNETH E. WEST | : |
| | : |
| Trustee, | : |
| | : |
| Respondents. | : |
| | : |
| | : |
| _____ | : |

**STIPULATION RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT MOVANT TO EXERCISE ITS RIGHTS UNDER STATE LAW AGAINST CERTAIN REALTY KNOWN AS 3031 DOWITCHER PLACE, PHILADELPHIA, PA 19142**

THIS matter being opened to the Court by secured creditor, Wilmington Savings Fund

Society, FSB, not in its individual capacity, but solely as trustee of NRPL Trust 2019-1,

(hereinafter "Movant"), by and through its counsel Emmanuel J. Argentieri of the law office of

Romano Garubo & Argentieri, upon the filing of a motion requesting relief from stay as to real

property, more commonly known as 3031 Dowitcher Place, Philadelphia, PA 19142; and E.J.

Gruber's law office, Cibik Law, P.C. having filed an answer thereto on behalf of Debtor; and it

appearing that the parties have amicably resolved their differences and for good cause shown; it is hereby stipulated:

1.      If any valid proofs of payment are produced by the Debtor, his post-petition mortgage account shall be adjusted accordingly.

2.      The Debtor is currently due $3,684.25 outside the plan.  The amount is computed in the following manner:

> 4 times payment of $586.85 (09/01/2025 – 12/01/2025),
> Less, suspense balance of $13.15,
> Plus, attorney fee reimbursement $1,350.00.

3.      The aforesaid arrears ($3,684.25) shall be rolled into Debtor's Chapter 13 plan as a secured claim and shall be paid to Movant over the remaining term of Debtor's plan.

4.      The Trustee shall adjust his records to reflect the increased amount due to Movant pursuant to this order and pay said increased claim to Movant in normal course.

5.      Debtor shall file an amended plan to incorporate the above arrearages within (21) days from the entry of this Order.

6.      Commencing with the January 1, 2026 post-petition mortgage payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit payments directly to Movant as same come due.

7.      The provisions of this stipulation do not constitute a waiver by the Moving Party of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8.      If any of the regular monthly mortgage payments commencing after the cure of the post-petition delinquency are more than thirty (30) days late or any payment required herein, Movant may send Debtor a written notice of default of this Stipulation.  If the default is not

cured within fifteen (15) days of the date of the notice, counsel for Movant may file a

Certification of Default with the Court and the Court shall enter an Order granting it relief from

the automatic stay as to the mortgaged property herein.


***The undersigned hereby consent to the form and entry of the within Stipulation.***


/S/EMMANUEL J. ARGENTIERI
Emmanuel J. Argentieri, Esquire
Attorney for Secured Creditor                    Date:  January 7, 2026



/S/E.J. GRUBER
E.J. Gruber, Esquire
Attorney for Debtor                              Date:  January 12, 2026




No Objection – Without Prejudice to Any
Trustee Rights or Remedies

/S/LEEANE O. HUGGINS
LeeAnn O. Huggins. Esquire
On behalf of Kenneth E. West
Chapter 13 Trustee                               Date:  January 7, 2026



*(Page 3 of 3)*